**Fermin Castro RAMIREZ; et al., Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 07–70905.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 20, 2007.*

Decided Aug. 24, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Steve S. Chang, Esq., Law Offices of Chang & Lim, Los Angeles, CA, for Petitioners.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department Of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, Chief Judge, KLEINFELD and M. SMITH, Circuit Judges.

### MEMORANDUM **

This is a petition for review of the Board of Immigration Appeals' ("BIA") order denying petitioners' appeal of an Immigration Judge's order denying petitioner Fermin Castro Ramirez's and Olivia Sanchez Valerio's applications for cancellation of removal.

■ Respondent's unopposed motion to dismiss this petition for review is construed as a motion for summary disposition in part and a motion to dismiss in part. So construed, respondent's motion for summary disposition in part is granted

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

with regard to petitioner Fermin Castro Ramirez because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton,* 693 F.2d 857, 858 (9th Cir.1982) (per curiam). A review of the administrative record demonstrates that there is substantial evidence to support the BIA's decision that petitioner Fermin Castro Ramirez failed to establish continuous physical presence in the United States for a period of not less than ten years as required for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(A); *Lopez–Alvarado v. Ashcroft,* 381 F.3d 847, 851 (9th Cir.2004).

■ Further, we have reviewed the petition for review, and we conclude that petitioners have failed to raise a colorable constitutional or legal claim to invoke our jurisdiction over this petition for review. *See Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001). Accordingly, respondent's unopposed motion to dismiss this petition for review in part for lack of jurisdiction with regard to both petitioners is granted because this court lacks jurisdiction to review a discretionary decision regarding exceptional and extremely unusual hardship. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Romero–Torres v. Ashcroft,* 327 F.3d 887, 892 (9th Cir.2003); *Montero–Martinez v. Ashcroft,* 277 F.3d 1137, 1144 (9th Cir. 2002).

■ Finally, petitioners contend the BIA's November 3, 2006 order denying their motion to accept an untimely brief was a violation of due process. Petitioners concede the notice of the briefing schedule was mailed to petitioners, instead of counsel due to petitioners' counsel's failure to file a Form EOIR–27 with the BIA. Thus,

petitioners were provided with notice and an opportunity to timely file an appeal brief. Consequently, petitioners cannot establish a colorable constitutional claim that they did not receive proper notice of the briefing schedule in their appeal to the BIA, or that they were denied an opportunity to timely file an appeal brief. *See Singh v. INS,* 315 F.3d 1186, 1188–90 (9th Cir.2003) (BIA properly mailed decision to the applicant's last known address where attorney never filed a notice of appearance); *Torres–Aguilar v. INS,* 246 F.3d 1267, 1271 (9th Cir.2001) (to allege a colorable constitutional violation, petitioner's claim must have some possible validity).

All other pending motions are denied as moot. The temporary stay of removal and voluntary departure confirmed by Ninth Circuit General Order 6.4(c) and *Desta v. Ashcroft,* 365 F.3d 741 (9th Cir.2004), shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**